IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-307-RAW |
| ) | |
| DUSTIN ANTHONY WHITE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court are a series of filings involving the government's proposed expert witness. The government filed its supplemental notice (#32) to offer the testimony of Andrea Hamilton, a Special Agent with the Oklahoma State Bureau of Investigation. Her proposed testimony is described therein. It is descriptive of child abuse victims reporting their abuse, possible delays in such reporting, and differences in details contained in such reporting over time. The government also represents: "Ms. Hamilton will not testify that she diagnosed any witness with abuse. She will not comment on the credibility of any witness or vouch for the truthfulness of any witness. Ms. Hamilton will not offer any opinions as to the Defendant's guilt or innocence." *Id.* at 4 ¶(h).

Defendant filed a response (#37), to which the government replied (#45). The defendant's response presented a two-pronged objection: (1) insufficient compliance with Rule 16(a)(1)(G), and (2) a challenge based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Both prongs have threads running through other filings.

As to the first prong, defendant filed a motion to compel (#47), which was referred

to Magistrate Judge West. She granted the motion in part and denied it in part (#67). In addition, defendant filed a motion in limine (#51), again raising insufficient disclosure as to government's expert, to which the government responded (#75). Defendant also filed a motion to enforce (#70), asserting that the government had not complied with Magistrate Judge West's order. The government responded (#74) that it had uploaded the material to USAfx, an internet platform, but had inadvertently failed to give defense counsel notice. Defendant's trial brief (#83 at n.1) indicates the material has now been downloaded, but evidently still maintains prejudice from lack of notice. The court is willing to entertain additional argument at the pretrial conference, but as of now, the defendant's "first prong" challenge to the witness (insufficient disclosure) is denied.

Convening a *Daubert* hearing is within the court's discretion. *United States v. Woods,* 2022 WL 989477 n.1 (N.D.Okla.2022)(citing *Goebel v. Denver & Rio Grande W.R.R. Co.,* 215 F.3d 1083, 1087 (10th Cir.2000)). Rule 702 F.R.Evid. (as interpreted in *Daubert*) requires a district court to satisfy itself that the proposed expert testimony is both *reliable* and *relevant* before permitting the jury to assess such testimony. *United States v. Wofford,* 766 Fed.Appx. 576, 581 (10th Cir.2019). Reliability is about the reasoning and methodology underlying the expert's opinion. Relevance is about whether the expert testimony will assist the trier of fact or whether it instead falls within the juror's common knowledge and experience and will usurp the juror's role of evaluating a witness's credibility. *Id.*

Non-exclusive factors for reliability are: (1) can and has the theory been tested; (2) has it been peer reviewed; (3) does it have a known or potential error rate; (4) the existence and maintenance of standards controlling its operation; (5) does it have widespread acceptance within the relevant scientific community. *Daubert,* 509 U.S. at 593-94.

Non-exclusive factors to determine whether the testimony will assist the trier of fact are: (1) is the testimony relevant; (2) is it within the juror's common knowledge and experience; (3) is there a sufficient factual basis and reliable application of methodology to facts; (4) will it usurp juror's role of evaluating a witness's credibility.

To perform its gatekeeping role, the district court must make specific findings on the record so that the appellate court can determine if it carefully reviewed the objected-to expert testimony under the correct standard. *Tudor v. Southeastern Okla. St. Univ.,* 13 F.4th 1019, 1029 (10th Cir.2021). *See also United States v. Cushing,* 10 F.4th 1055, 1079 (10th Cir.2021). The government's burden is preponderance of the evidence. *Daubert,* 509 U.S. at 592 n.10.

As it happens, the undersigned has recently heard Andrea Hamilton testify at trial on this subject matter in *U.S. v. Pritchett,* 22-CR-38-RAW (E.D.Okla.). On that basis, the court concludes a *Daubert* hearing is unnecessary. The defendant in that case did not present a *Daubert* challenge, which the court mentions only to explain that the testimony was presented without a *Daubert* ruling. The undersigned has also denied a motion in limine as to this witness in *United States v. Harjo,* 21-CR-22-RAW (docket no. 80), but in that case

the ruling was largely based on the government's intent to offer evidence pursuant to Rule 414 F.R.Evid. This is also the situation in the case at bar (#34), but the court has not yet ruled as to the admissibility of the proposed Rule 414 evidence.

The undersigned concurs with Judge DeGiusti (and defendant does not contest) that "Ms. Hamilton appears well-qualified to testify as an expert regarding the subjects of her proposed testimony." *U.S. v. Ewton,* 2022 WL 2230665, *1 (E.D.Okla.2022). As to reliability and relevance, the court finds these closer questions, but the government has satisfied the burden of preponderance of the evidence for admissibility. Hamilton has testified in court as an expert on this subject on several occasions. (#32-1 at 5-6). "The Tenth Circuit has upheld the admission of expert testimony about characteristics of victims of child sexual abuse and whether certain conduct is consistent with conduct exhibited by victims of child sexual abuse, where such testimony was relevant." *Ewton,* at *2. Essentially, Hamilton's testimony will assist the trier of fact "to appreciate the complicated, less than intuitive dynamics of young children revealing their abuse for the first time." (#45 at 4).

The testimony is not "scientific," such that concepts of peer review and error rate are not obviously applicable. The testimony is based on the witness's numerous interviews with such children and their characteristics. "In the non-scientific expert context, some of *Daubert*'s factors may be helpful, but they also may be inapplicable." *Emergency Servs of Okla. v. Aetna Health, Inc.,* 2022 WL 265881 (W.D.Okla.2022). So long as the witness does not in any way "vouch" for another witness's credibility, the court is persuaded the jury's

4

function in this regard is not usurped. While the testimony will be admitted, there is fertile ground for cross-examination by defense counsel.

It is the order of the court that the motion of the defendant to enforce (#70) is deemed moot. The portion of defendant's motions in limine (#51) seeking to exclude the testimony of Andrea Hamilton is denied.

**ORDERED THIS 18th DAY OF JULY, 2022.**

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma